IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHILLIPS 66 COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:21-cv-279 |
| v. | § | |
| | § | |
| RAAJ UNOCAL LUBRICANTS LIMITED, | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Phillips 66 Company ("Plaintiff") files this Original Complaint against Raaj Unocal Lubricants Limited ("Defendant").

## PARTIES

1.     Plaintiff is a Delaware corporation having its principal place of business at 2331 CityWest Blvd., Houston, TX 77042.

2.     Upon information and belief, Defendant is a limited liability company organized in India with an address of 40 Km Stone, Mathura Rd, Jharsaintly, Ballabhgarh, Faridabad, Haryana 121004, India.

## NATURE OF ACTION AND JURISDICTION

3.     This is an action for trademark infringement, counterfeiting, dilution, unfair competition, and unjust enrichment under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), and the laws of the state of Texas.

4.     This Court has jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code, §§ 1331 and 1338, and supplemental jurisdiction over Plaintiff's claims under state law under 28 U.S.C. § 1367(a).

1

5.     The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a state and a foreign state.  Therefore, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

6.   On information and belief, Defendant targets consumers in the District and expects or intends its acts to have consequences in the District, and thus a substantial part of the events giving rise to the acts complained of herein occurred in this District. Therefore, venue is proper in this District pursuant to 28 U.S.C. § 1391(b). In the alternative, venue is proper in this District pursuant to 28 U.S.C. §1391(c)(3), as Defendant is not a resident in the United States.

## FACTS

### Phillips 66 – Intellectual Property Rights

7.     For more than 140 years, Phillips 66 and its predecessors in interest (collectively "Phillips 66") have engaged in the world-wide manufacture, marketing, distribution, and sale of high quality petroleum products and services, including gasoline, diesel, jet fuel, lubricants, motor fuels, and other related products and services. Phillips 66 manages over 18,000 miles of crude oil, raw natural gas liquid, natural gas and petroleum product pipeline systems in the United States, including those partially owned and operated by affiliates.

8.     Since at least as early as 1932, Phillips 66 has continuously used the mark 76 and the 76 design marks shown below (collectively, the "76 Marks") in connection with these products and services.



9.      The 76 Marks were first used by Phillips 66's predecessor in interest, Union Oil Company of California, doing business as Unocal, in 1932.  In addition to the 76 Marks shown above, Unocal also used the marks UNION 76, UNOCAL 76, and 76 LUBRICANTS in connection with its products and services.

10.     In 1997, Unocal sold its western United States refining and marketing operations and the rights to the 76 Marks for use in refining and marketing operations to Tosco Corporation. Phillips Petroleum Company purchased Tosco Corporation, along with the rights in the 76 Marks, in 2001.  In 2002, Conoco Inc. and Phillips Petroleum Company merged into ConocoPhillips.

11.     In 2012, ConocoPhillips divested all of its midstream, downstream, marketing and chemical operations, as well as rights to the 76 Marks in connection with those operations, to the newly created company Phillips 66.

12.     A timeline showing the evolution of some of the trademarks used by Phillips 66 and its predecessors from 1932 to the present is attached hereto as **Exhibit A.**

13.     Since that time, Phillips 66 has continued to use the 76 Marks in connection with its products and services. Phillips 66 has also licensed the mark 76 for lubricants internationally in Asia and also licenses the marks UNION 76, 76 LUBRICANTS and similar marks in connection with merchandise available for purchase in the United States and internationally.

14.     Phillips 66 owns numerous valid federal trademark registrations for the 76 Marks, including U.S. Reg. Nos. 0,566,785; 0,754,420; 0,764,442; 0,867,703; 2,935,849; 3,727,675; 3,492,578; 3,495,946; 3,069,038; 3,694,150; 3,024,484; 3,694,150; 3,024,484; 3,093,884; 3,107,583; 2,938,185; 3,042,693; 2,940,047; 3,176,763; 3,176,768; 4,727,793; 4,789,834; and 4,930,390.  True and correct copies of these registrations are attached as **Exhibit B.**

15.     Registration Nos. 0,754,420; 0,764,442; 2,935,849; 3,727,675; 3,492,578; 3,495,946; 3,069,038; 3,694,150; 3,024,484; 3,694,150; 3,093,884; 3,107,583; 2,938,185; 3,042,693; 2,940,047; 3,176,763; 3,176,768 are incontestable under 15 U.S.C. § 1065.  Such registrations constitute conclusive evidence of the validity of the registered marks and of the registration of the marks, of the registrant's ownership of the marks, and of the registrant's exclusive right to use the registered marks in commerce under 15 U.S.C. § 1115(b).

16.     Phillips 66 has developed and controls an extensive network of licensees and sub-licensees who manufacture, market, distribute, and sell authorized products and services throughout the United States and internationally.

17.     Over the years, Phillips 66 has expended a great amount of time and monetary investments to ensure that its products and services meet high standards of quality, safety, and performance. Phillips 66 has established a number of quality control standards and procedures to protect the safety of its customers and to ensure its customers associate the 76 Marks with quality products.

18.     Over the decades that the 76 brand has been used, Phillips 66 and its predecessors in interest have also expended hundreds of millions of dollars in promoting its products and services offered under the 76 Marks.

19.     As a result of Phillips 66's quality control measures and promotion expenditures, Phillips 66 has developed goodwill, public recognition, and strong rights in its marks, which consumers have come to know and trust as symbols of quality and value.

20.     The 76 Marks are inherently distinctive, serving to identify and indicate the source of Phillips 66's products and services to the consuming public, and to distinguish Phillips 66's products and services from those of others.

21.     Additionally, and alternatively, as a result of Phillips 66's frequent and widespread use and promotion of the 76 Marks, the marks have become distinctive to designate Phillips 66's goods and services, to distinguish Phillips 66's goods and services from the goods and services of others, and to distinguish the source or origin of Phillips 66's goods and services.

22.     Phillips 66 has invested considerable effort and resources in developing, using, advertising, and promoting the 76 Marks in over 50 countries, including the United States, Mexico, Guam, Japan and the continent of Asia.

23.     Over the years, Phillips 66 has sold billions of gallons of petroleum product and promotional merchandise bearing the 76 Marks worldwide.  Because of the substantial revenues generated under its brands on an annual basis, Phillips 66 is ranked 27th on the Fortune 500 (2020) and 61st on the Global Fortune 500 (2020) lists.

24.     As a result of extensive and widespread use and promotion by Phillips 66, the 76 Marks have become famous throughout the United States and in the State of Texas to indicate the source of Phillips 66's goods and services.

25.     As just one example of the notoriety of the 76 Marks, the 76 Marks are frequently featured in popular television shows and films, including The Lost World: Jurassic Park, Dawn of the Planet of the Apes, and the Land of the Lost.

### Defendant's Activities

26. On information and belief, Defendant manufactures and sells oils, lubricants and other related products.

27. Defendant uses marks that appear to be the 76 Marks or close variants thereof (the "Counterfeit Marks") prominently in connection with its business in numerous ways.   For example:

a.  Defendant uses the name UNOCAL 76 and the stylized UNOCAL 76 design mark shown below as its brand name, including on its website unocalglobal.com (URL and content are collectively, hereinafter, "Website").  *See e.g.*, **Exhibit C.**



b.  Defendant repeatedly claims on its Website and in its promotional materials that it is "A Lube Brand of USA" and "a Brand of USA Since 1890" in order to create the false impression that Defendant is affiliated with Phillips 66.  *See id.*

c.  In furtherance of that false impression, Defendant also claims on its Website that "Unocal 76 Lubricants" are "American Energy. Delivered."  *See id.*

d.  Defendant labels its products with the Counterfeit Marks, such as those advertised on its website (examples shown below and in **Exhibit D**):





e.  Defendant uses the Counterfeit Marks on its "History" page of its Website to falsely suggest that the company is affiliated with Phillips 66 (as shown below and in **Exhibit E**).



f.  Defendant also uses the phrase "Represent The Good Stuff" on its Website, a clear reference to two taglines that Phillips 66 and its affiliates have used—"The Good Stuff" and "Demand The Good Stuff."

g.   Defendant also uses the Counterfeit Marks on its social media pages, examples of which are shown below and in **Exhibit F.**






28.     The goods and services sold by Defendant using the Counterfeit Marks are not genuine Phillips 66 goods or services.

29.     Defendant has intentionally targeted the goods and services offered under the Counterfeit Marks to United States customers.

30.     For example, in addition to claiming that it is "A Lube Brand of the USA" and that "Unocal 76 Lubricants" is "American Energy. Delivered" on its English-language Website, Defendant also claims: "UNOCAL 76 has its foot prints worldwide covering over 57 countries across 6 continents. *Major markets being United States of America*, Japan, China, Bangladesh, Nepal, India, Pakistan, and Thailand among others" (emphasis added, *see* **Exhibit G**).

31.     Through its interactive website unocalglobal.com, customers in the United States can submit an application to "Create Your Own Formula" with Defendant.  Defendant promises its potential customers, including those located in the United States, that it "can formulate the product you need for any application."  *See* **Exhibit H.**

32.     Customers can also contact Defendant to "Become a Distributor" through this same website. *See* **Exhibit I.** Selecting the "Contact Us" button automatically opens a new email addressed to Defendant using the customer's email service provider, including for customers located in the United States.

33.     On information and belief, Defendant has also conducted busines with several United States entities in order to further its infringing activities.  For example:

   a.   On information and belief, Defendant applied for and obtained a license certifying its engine oil products with the American Petroleum Institute (see **Exhibit J**);

   b.   On information and belief, the website hosting company (GoDaddy, Inc.) for Defendant's Website is located in Arizona (see **Exhibit K**);

   c.   On information and belief, Defendant contracted with a company in California, Facebook, Inc., to market and promote its activities complained of herein;

   d.   On information and belief, Defendant contracted with a company in California, Twitter, Inc., to market and promote its activities complained of herein;

   e.   On information and belief, Defendant contracted with a company in California, LinkedIn Corporation, to market and promote its activities complained of herein.

34.     Defendant has set out on a deliberate course of conduct to deceive consumers, including those in the United States, into believing that Defendant and its products are connected, associated, or affiliated with Phillips 66, even though Defendant is not currently affiliated with Phillips 66 in any way, in order to trade on Phillip 66's valuable goodwill.

35.     Defendant's unauthorized use of the Counterfeit Marks began long after those marks became famous.

**Harmful Effects of Defendant's Activities on Phillips 66 and the Consuming Public**

36.     Defendant's unlawful activities are intentional and expressly aimed at Phillips 66, which is headquartered in this District. Thus, the effects of Defendant's activities are felt in this District.

37.     Defendant's unauthorized use of the Counterfeit Marks is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties as to some affiliation, connection, or association of Defendant's business with Phillips 66, or as to the origin, sponsorship, or approval of Defendant's goods and/or services.

38.     Defendant's unauthorized use of the Counterfeit Marks falsely indicates to the purchasing public that Defendant, its business, and its goods or services originate with Phillips 66, or are affiliated, connected, or associated with Phillips 66, or are sponsored, endorsed, or approved by Phillips 66, or are in some manner related to Phillips 66 or its goods or services.

39.     Defendant's unauthorized use of the Counterfeit Marks falsely designates the origin of Defendant's goods and/or services, and falsely or misleadingly describes and represents facts with respect to Defendant and its goods and/or services.

40.     By using Phillips 66's registered Counterfeit Marks in connection with the manufacture and sale of oils, lubricants, and related products that are not genuine 76 branded products, Defendant is selling counterfeit products and services.

41.     Defendant's unauthorized use of the Counterfeit Marks enables Defendant to trade on and receive the benefit and goodwill built up at great labor and expense over many years by Phillips 66, and to gain acceptance for Defendant's goods and/or services not solely on Defendant's own merits, but on the reputation and goodwill of Phillips 66 and its marks, trade dress, goods, and services.

42.     Defendant's unauthorized use of the Counterfeit Marks removes from Phillips 66 the ability to control the nature and quality of goods and services provided under its marks and trade dress, and places the valuable reputation and goodwill of Phillips 66 in the hands of Defendant, over whom Phillips 66 has no control.

43.     Defendant's unauthorized use of the Counterfeit Marks is likely to cause dilution of the 76 Marks.

44.     Defendant's unauthorized use of the Counterfeit Marks enables Defendant to palm off its goods on the unsuspecting public as those of Phillips 66.

45.     As a result of Defendant's unauthorized use of the Counterfeit Marks, Defendant is being unjustly enriched at the expense of Phillips 66 and the public.

46.     Unless these unfair and deceptive practices and acts of unfair competition by Defendant are restrained by this Court, they will continue to cause irreparable injury to Phillips 66 and to the public, for which there is no adequate remedy at law.

**IV.     Willful Nature of Defendant's Wrongful Acts**

47.     Upon information and belief, Defendant's acts of infringement, counterfeiting, and unfair competition complained of herein have been malicious, fraudulent, deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of Phillips 66's rights. In view of the egregious nature of Defendant's actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

<u>**COUNT I:  INFRINGEMENT OF REGISTERED MARKS**</u>

48.     Phillips 66 repeats the above allegations as if fully set forth herein.

49.     The acts of Defendant complained of herein constitute infringement of Phillips 66's federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

50.     Phillips 66 has been damaged by Defendant's acts of federal trademark infringement.

51.     Defendant's infringement has been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

<u>**COUNT II:  FEDERAL TRADEMARK COUNTERFEITING**</u>

52.     Phillips 66 repeats the above allegations as if fully set forth herein.

53.     The acts of Defendant complained of herein constitute use of counterfeit marks on or in connection with the sale, offering for sale, and distribution of products and services, which negatively affects United States commerce and consumers to the detriment of the goodwill connected to the 76 Marks.

54.     Defendant's use of counterfeit marks was and is willful.  Defendant intentionally used and is using the 76 Marks knowing he is selling and offering to sell counterfeit products and services.

55.     The acts of Defendant complained of herein constitute trademark counterfeiting in violation of 15 U.S.C. § 1114.

56.     Plaintiff has been damaged by Defendant's acts of trademark counterfeiting.

### COUNT III:  VIOLATION OF LANHAM ACT SECTION 43(a)

57.     Phillips 66 repeats the above allegations as if fully set forth herein.

58.     The acts of Defendant complained of herein constitute trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59.     Phillips 66 has been damaged by Defendant's acts of trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition.

60.     Defendant's acts of trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition have been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

### COUNT IV: DILUTION UNDER FEDERAL LAW

61.     Phillips 66 repeats the above allegations as if fully set forth herein.

62.     The acts of Defendants complained of herein constitute dilution by blurring and dilution by tarnishment of the 76 Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

63.     Defendants willfully intend to trade on the recognition of the 76 Marks, which are famous and became famous prior to Defendant's commencement of use of the Counterfeit Marks, and to harm the reputation of the 76 Marks.

64.     Phillips 66 has been damaged by Defendants' acts of federal trademark dilution.

## COUNT V: COMMON LAW UNFAIR COMPETITION

65.     Phillips 66 repeats the above allegations as if fully set forth herein.

66.     The acts of Defendant complained of herein constitute trademark infringement and unfair competition in violation of the common law of the State of Texas.

67.     Philips 66 has been damaged by Defendant's acts of common law unfair competition.

## COUNT VI: DILUTION UNDER TEXAS LAW

68.     Phillips 66 repeats the above allegations as if fully set forth herein.

69.     The acts of Defendant complained of herein constitute dilution of the 76 Marks in violation of the Texas Business and Commerce Code § 16.103.

70.     Phillips 66 has been damaged by Defendant's acts of state trademark dilution.

## COUNT VII: UNJUST ENRICHMENT

71.     Phillips 66 repeats the above allegations as if fully set forth herein.

72.     The acts of Defendant complained of herein constitute unjust enrichment of Defendant at Phillips 66's expense.

73.     Phillips 66 has been damaged by Defendant's acts of unjust enrichment.

74.     Phillips 66 repeats the above allegations as if fully set forth herein.

## **PRAYER**

WHEREFORE, Phillips 66 prays that:

a)      Defendant, Defendant's agents, servants, employees, attorneys, licensees, and all those persons and legal entities in active concert or participation with them, be preliminarily and permanently enjoined from using the 76 Marks, the Counterfeit Marks, and any other mark or trade dress confusingly similar thereto;

b)      Defendant, Defendant's agents, servants, employees, attorneys, and all those persons and legal entities in active concert or participation with them, be required to immediately remove or otherwise eliminate all elements and instances of the 76 Marks or the Counterfeit Marks that appear on Defendant's products and promotional materials, including its website at unocalglobal.com and all digital and social media accounts;

c)      Defendant be ordered to file with this Court and to serve upon Phillips 66, within 30 days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

d)      Phillips 66 recover all damages it has sustained as a result of Defendant's infringement, dilution, false designation of origin, unfair competition, and unjust enrichment, and that such damages be trebled;

e)      An accounting be directed to determine Defendant's profits resulting from Defendant's activities, and that such profits be paid over to Phillips 66, increased as the Court finds to be just under the circumstances of this case;

(f)      Alternatively, if greater, Plaintiff recover statutory damages under 15 U.S.C. § 1117 as a result of Defendant's counterfeiting;

g)      Plaintiff's nominal damages, if the Court does not award statutory damages, actual damages, or an accounting of profits;

h)      Phillips 66 recover its reasonable and necessary attorneys' fees;

i)      Phillips 66 recover its costs of this action and prejudgment and post-judgment interest; and

j)      Phillips 66 recover such other relief as the Court may find appropriate.


## JURY DEMAND

Under Fed. R. Civ. P. 38(b), Phillips 66 demands a trial by jury on all issues triable of right by a jury.

Respectfully submitted,

Date:   January 28, 2021          *s/ Stephen P. Meleen*
Stephen P. Meleen, Attorney-in-Charge
Texas Bar No. 00795776
S.D. Tex. Bar No. 24154
Alexandra Bistline
Texas Bar No. 24092137
S.D. Tex. Bar No. 2627667
PIRKEY BARBER PLLC
1801 East Sixth Street, Suite 300
Austin, TX  78702
Telephone: (512) 322-5200
Fax: (512) 322-5201

**ATTORNEYS FOR PLAINTIFF**
**PHILLIPS 66 COMPANY**