IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PHILLIPS 66 COMPANY, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> RAAJ UNOCAL LUBRICANTS LIMITED, § <br> § <br> Defendant. § <br> § | Civil Action No. 4:21-cv-00279 |

## MOTION TO EXTEND TIME FOR SERVICE

Plaintiff Phillips 66 Company ("Plaintiff") requests this Court (1) extend Plaintiff's deadline to serve Defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, and (2) reset the initial pretrial and scheduling conference currently scheduled for May 7, 2021.

**1.  Background**

Plaintiff filed its original Complaint in this action on January 28, 2021 for trademark infringement, counterfeiting, unfair competition, dilution, and unjust enrichment based on Defendant Raaj Unocal Lubricants Limited's use of Plaintiff's trademarks in the United States (the "United States Action"). Plaintiff believes that Defendant is a limited liability company organized in India with an address of 40 Km Stone, Mathura Rd, Jharsaintly, Ballabhgarh, Faridabad, Haryana 121004, India.

On January 29, 2021, Plaintiff emailed Defendant a copy of the Complaint and asked whether Defendant would be willing to agree to formally waive service of the Complaint. *See* Ex. 1, Affidavit of Manas Upmanyu ("Upmanyu Affidavit"), ¶ 3. On February 1, Plaintiff's Indian counsel sent Defendant the summons which issued on January 29 and followed up

regarding the potential waiver of service. *See id.* at ¶ 4. Plaintiff's Indian counsel followed up again on February 8. *See id.* Plaintiff never received a response to these emails from Defendant or Defendant's Indian counsel. *See id.* at ¶ 5.

Accordingly, on March 1, 2021, in accordance with Federal Rule of Civil Procedure 4(h)(2) and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("the Hague Convention"), Plaintiff (through a process server who has specialized in the service of process in foreign countries for more than 23 years) submitted the Complaint, Summons, and related documents to the Ministry of Law and Justice of India ("Central Authority") for service on Defendant. *See* Ex. 2, Affidavit of Celeste Ingalls ("Ingalls Affidavit"), ¶¶ 8-9. Plaintiff's process server indicates that service typically takes 10-12 months and that the ongoing Covid-19 pandemic is delaying service of process beyond the typical time frame. *Id.* at ¶ 11. There is no ability to obtain a status update from the Central Authority while service is in progress. *Id.* at ¶ 10.

Although formal service of process through the Hague Convention is still pending, Defendant is clearly on notice of the United States Action. On March 8, 2021, Defendant filed suit against Plaintiff in India, and attached a copy of the Complaint from the United States Action to the Indian suit. Upmanyu Affidavit ¶6. Defendant obtained an ex parte temporary restraining order from the Indian court, enjoining Plaintiff from continuing to proceed with the United States Action. *Id.* Defendant served the Indian suit on Plaintiff through e-mail. *Id.* at ¶ 7. Plaintiff is vigorously contesting the Indian suit and temporary restraining order, and the next hearing regarding the temporary restraining order is set in the Indian court for April 29, 2021.

**2.      The Court Should Extend Plaintiff's Time to Serve Defendant**

Rule 4(m) of the Federal Rules of Civil Procedures provides the time limit for service: "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).  However, Rule 4(m) also specifies that the time limit does not apply to service in a foreign country: "This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A)." *Id.*; *see Lozano v. Bosdet*, 693 F.3d 485, 488 (5th Cir. 2012) (recognizing that the final sentence of Rule 4(m) "makes clear that the 120-day[1] requirement does not apply" to service in a foreign country such as under the Hague Convention).[2]  Instead, the Fifth Circuit has adopted a "flexible due-diligence standard" requiring a plaintiff to demonstrate "reasonable diligence in attempting service" in a foreign country to avoid dismissal for untimely service.  *Lozano*, 693 F.3d at 489.

Thus, while Plaintiff's service deadline would be April 28, 2021 under Rule 4(m), the service deadline provided in Rule 4(m) does not apply since Defendant is located in a foreign country and Plaintiff is serving the complaint pursuant Rule 4(h)(2) and the Hague Convention.

---

[1] The 2015 amendment to the Federal Rules of Civil Procedure amended Rule 4(m) to reduce the time for service from 120 days to 90 days.  FED. R. CIV. P. 4, Advisory Committee Notes (2015 Amendment).

[2] *Lozano v. Bosdet* was decided before the 2016 amendment to the Federal Rules of Civil Procedure, which amended Rule 4(m) to clarify that the exception to the time requirement for foreign service in the last sentence of the rule also applies to businesses served under Rule 4(h)(2), which is the case here. *See* FED. R. CIV. P. 4, Advisory Committee Notes (2016 Amendment).  Thus, the holding in *Lozano* by extension applies to service in this case.

In addition, as described above, Plaintiff began efforts to attempt service in January (by contacting Defendant regarding a potential waiver of service, and then by engaging an experienced process server). However, the Central Authority controls how quickly service on Defendant can be completed. *See* Ingalls Affidavit at ¶¶ 10-11; *Broad v. Mannesmann Anlagenbau AG*, 196 F.3d 1075, 1077 (9th Cir. 1999) ("Once a plaintiff sends a request for service to the central authority, that person loses control of service of process because Article 5(a) of the Hague Convention provides that the designated central authority is solely responsible for serving the document or for arranging to have it served . . . ."). Plaintiff's process server indicates that service can take a year or more with no ability to obtain status while the service process is in progress, and that the ongoing Covid-19 pandemic is likely to cause further service delays.[3] *Id.* Further, Plaintiff is currently subject to the operation of the temporary restraining order which prohibits the Plaintiff from taking further steps to serve the Defendant.

Given Plaintiff's diligent efforts in attempting service prior to March 8, 2021, and the effect of the temporary restraining order thereafter, Plaintiff requests the Court grant Plaintiff additional time to seek a vacation of the temporary restraining order before the courts in India, and to thereafter seek this Court's leave to serve Defendant via alternative methods.[4] Plaintiff also requests that the initial pretrial and scheduling conference be postponed accordingly.

---

[3] The Indian Supreme Court issued an order on April 27, 2021 extending all court deadlines until further notice given the worsening Covid-19 outbreak in India.

[4] Defendant is clearly on notice of the United States Action already. Further, the United States Action, which is seeking to prevent the irreparable harm caused by Defendant's infringement in the United States, is a case of urgency that should be addressed more quickly than service under the Hague Convention allows. As such, provided that the Indian Court lifts its temporary restraining order, Plaintiff will seek this Court's leave to serve Defendant through a method alternative to the Hague Convention under Fed. R. Civ. P 4(f)(3).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: April 27, 2021 | *s/ Stephen P. Meleen*<br>Stephen P. Meleen, Attorney-in-Charge<br>Texas Bar No. 00795776<br>S.D. Texas Bar No. 24154<br>Alexandra H. Bistline<br>Texas Bar No. 24092137<br>S.D. Texas Bar No. 2627667<br>PIRKEY BARBER PLLC<br>1801 East 6th Street, Suite 300<br>Austin, TX  78702<br>Telephone: (512) 322-5200<br>Facsimile: (512) 322-5201<br>smeleen@pirkeybarber.com<br>abistline@pirkeybarber.com<br><br>**ATTORNEYS FOR PLAINTIFF**<br>**PHILLIPS 66 COMPANY** |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2021 the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record, and was served via First Class Mail upon the Defendant at the below address:

RAAJ UNOCAL LUBRICANTS LIMITED
40 Km Stone
Mathura Rd.
Jharsaintly, Ballabhgarh, Faridabad,
Haryana 121004
India

*s/ Stephen P. Meleen*
Stephen P. Meleen